## 19615

Juliette W. STAATS et al., Appellants, v. James G. SNOWDEN, as acting engineer for the City of Charleston, and the First Baptist Church of Charleston, S. C., Respondents.

(196 S. E. (2d) 125)

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston, *for Appellant,*

*Messrs. Legare, Hare & Smith, Grimball & Cabaniss, and I. M. Goldberg,* of Charleston, *for Respondent,*

April 18, 1973.

BRAILSFORD, Justice.

The zoning ordinance of the City of Charleston provides that elementary and secondary schools in residential zones may be expanded only as an exception to the zoning regulations, provided the Board of Adjustment, after review, determines, *inter alia*, that excessive traffic will not be generated on a residential street. The plaintiffs, residents of the general area of lower Church Street, a residential district in "Old and Historic Charleston," brought this action against The First Baptist Church of Charleston, South Carolina, and the City Engineer to enjoin the issuance of a building permit for the construction of a gymnasium on upper Church Street, without the residential district, to be used as a facility of the day school which the church operates on its property within the residential district. An earlier controversy between residents of the district and the church concerning the operation of the day school reached this Court. See *Stevenson v. Board of Adjustment,* 230 S. C. 440, 96 S. E. (2d) 456 (1957).[1]

The complaint alleges that the construction of the gymnasium for this use will be an expansion of the school, and that, by the terms of the zoning ordinance, the City Engineer lacks authority, absent prior review and appropriate findings by the Board of Adjustment, to issue a permit therefor. The circuit court held that the section of the ordinance invoked by plaintiffs did not apply to the construction of a building outside of the residential district and dismissed the complaint. We disagree.

When the case came on for hearing, the parties agreed, quoting from the statement of the case, "that it should be treated as a hearing on a motion for summary judgment, looking to a final disposition of the matter, there being no factual issues in dispute." In the light of this agreement, at least for the purposes of this appeal, it must be assumed that

[1] The opinion in this case quotes an eloquent description of this area of the City from the decree of the circuit judge.

the construction of the gymnasium as a facility of the school is an expansion of the school.

The purpose of the relevant provision of the ordinance is to give some protection to residents of the district against the generation of excessive traffic by controlling the establishment of schools therein and the expansion of existing schools. This purpose could easily be frustrated if those operating such schools were allowed unbridled discretion to expand so long as the additions to a school's plant were located outside the residential district. It is quite likely that expansion in this manner would create greater traffic problems within the district than would be created by comparable additions at the school site. Plaintiffs' brief ably states the case for reversal, which we substantially adopt.

(1) The school is in a protected residential area.

(2) The addition of a gymnasium is an expansion of the school.

(3) The ordinance forbids expansion without the required determinations by the Board of Adjustment.

(4) These determinations have not been made.

Reversed.

Moss, C. J., and LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY, J., not participating.